UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ATTORNEY GENERAL DANA NESSEL, et al., ) <br> Plaintiffs, ) <br> ) <br> -v- ) <br> ) <br> 3M COMPANY, et al., ) <br> Defendants. ) <br> ) | No. 1:21-cv-205 <br><br> Honorable Paul L. Maloney |

## ORDER DENYING REQUEST TO EXPEDITE

Plaintiffs Nessel and State of Michigan filed a motion to remand and requests this Court decide the jurisdictional question on an expedited basis. (ECF No. 10.) Defendant 3M filed a response. (ECF No. 12.) The Court will deny the portion of the motion requesting expedited consideration.

Rule 7.1(e) of the Local Rules provides for expedited consideration "[w]here the relief requested by a motion may be rendered moot before the motion is briefed in accordance with the schedules set forth herein, . . . ." After Defendants filed the notice or removal, they filed a notice of a motion to transfer the lawsuit as a tag-along action to a multidistrict litigation (MDL) lawsuit. Plaintiffs inform this Court that the briefing schedule issued by the MDL panel concludes on April 12, 2021. Plaintiffs argue that the relief requested in the motion to remand will be moot should the MDL panel decide the motion to transfer before the briefing schedule is complete for the motion to remand.

Plaintiffs have not demonstrated a need for expedited consideration. First, the conclusion of the briefing schedule on the transferee court does not render the issue moot.

2

The issue will not necessarily be resolved on April 12. Second, Plaintiffs admit that the relief sought in the motion to remand will not become moot by April 12. Plaintiffs concede that "the proposed transferee court has the ability to decide the threshold jurisdictional issue." (PageID.7337.) A Plaintiff Executive Committee and a Defendant Coordination Committee have been appointed in the MDL case, and that court now requires one of the committees to file a response to motions filed by individual parties like the one here (motion for remand for lack of subject matter jurisdiction). Contrary to Plaintiffs' representations, the MDL court will consider motions challenging subject matter jurisdiction, just not at this time. *See, e.g., In re Aqueous Film-Forming Foams Prod. Liability Litig.*, No. 2:18-mn-2873 (D.S.C. Sept. 29, 2020) (order dkt. Entry 871).

Accordingly, the Court **DENIES** Plaintiffs' request to expedite briefing for the motion to remand. **IT IS SO ORDERED.**

Date: March 22, 2021                                       /s/ Paul L. Maloney
                                                           Paul L. Maloney
                                                           United States District Judge